**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF ARKANSAS**
**EASTERN DIVISION**



**FILED**
U.S. DISTRICT COURT
EASTERN DISTRICT ARKANSAS

JUN 2 0 2016

JAMES W. McCORMACK, CLERK
By: _____
**DEP CLERK**

TIFFANY NEWBURN

        Plaintiff,

  -against-

MID-SOUTH ADJUSTMENT CO., INC.

        Defendant.

Civil Action No. 2:16W94 BSM

**JURY TRIAL DEMANDED**

## ORIGINAL COMPLAINT

Plaintiff, Tiffany Newburn (Newburn), by her undersigned counsel brings this action against

Mid-South Adjustment Co., Inc. (Mid-South), and states:

### STATEMENT OF JURISDICTION AND VENUE

1.    Jurisdiction of this Court arises pursuant to 15 U.S.C. §1692k(d).

2.    This action arises out of Defendant's violations of the Fair Debt Collection

Practices Act, 15 U.S.C. §1692, et seq.

3.    The acts and events complained of in this Complaint occurred within Pulaski

County, Arkansas.

4.    Venue is proper pursuant to 28 U.S.C. §1391(b)(2) because the events giving rise

to the claims occurred here and Defendant transacts business here.

This case assigned to District Judge _Miller_
and to Magistrate Judge _Volpe_

## PARTIES TO THE CLAIM

5.     The averments set forth in paragraphs 1-4 are adopted herein and incorporated as if set forth word for word.

6.     Newburn is a resident of the City of Little Rock, Pulaski County, Arkansas, and is a "consumer" as defined by 15 U.S.C. §1692a(3), and/or "any person" as defined by 15 U.S.C. §1692d;

7.     At the time of the incident described further herein, Mid-South was a corporation duly authorized to conduct business in the State of Arkansas as a "debt collector," as that term is defined by 15 U.S.C. §1692a(6) and is registered and licensed with the Arkansas State Board of Collection Agencies, and attempting to collect a "debt," as defined in 15 U.S.C. §1692a(5).

8.     Mid-South is being served at:

> Brad Dowler
> 1000 Hwy 35 N, Ste. 2B
> Benton, AR 72019

## FACTUAL BACKGROUND

9.     The averments set forth in paragraphs 1-8 are adopted herein and incorporated as if set forth word for word.

10.     Mid-South obtained a default judgment against Newburn in the District Court of Pulaski County, Arkansas on July 21, 2011 for a consumer debt.  The Judgment was for $1,769.89 plus interest in the amount of "5% above the Federal Reserve Discount Rate or 10%, per annum, whichever is less, from the date hereof."  A copy of that judgment is attached hereto as "**Exhibit 1**" and incorporated as if set forth word for word.

11.     Mid-South attempted to collect on the judgment by filing a writ of garnishment on

2

Newburn's wages with her employer, University of Arkansas for Medical Sciences, on August 18, 2011. The writ alleged that the amount of interest owed was $8.96 and together with the cost of the writ and original judgment of $1,769.89, the total amount due was $1,789.44. A copy of that writ is attached hereto as "**Exhibit 2**" and incorporated as if set forth word for word.

12.     Newburn filed her response on September 1, 2015 to the writ of garnishment stating that she was making a payment of $5.00 into the registry of the court. A copy of that response is attached hereto as "**Exhibit 3**" and incorporated as if set forth word for word.

13.     On October 11, 2011, there was a modified Judgment filed against Newburn in the District Court of Pulaski County, Arkansas for the same debt. The Judgment was for $1,764.89 plus interest in the amount of "5% above the Federal Reserve Discount Rate or 10%, per annum, whichever is less, from the date hereof." A copy of that judgment is attached hereto as "**Exhibit 4**" and incorporated as if set forth word for word.

14.     Mid-South again attempted to collect on the judgment by filing a writ of garnishment on Newburn's employer, West Educational Leasing, on June 24, 2015. The writ alleged that Newburn owed $1,769.89 in her original judgment, $640.07 for postjudgment interest and together with the cost of the writ the total amount due was $2,437.29. A copy of that writ is attached hereto as "**Exhibit 5**" and incorporated as if set forth word for word.

15.     By overstating the amount of the original judgment owed, Mid-South is making a false representation of the character, amount, or legal status of the debt in violation of **15 U.S.C. §1692e(2)(A).**

16.     Between June 21, 2011 through June 24, 2015, the Federal Reserve Discount Rate maintained a rate of (3/4 percent) under the primary credit program (primary credit rate).

17.     Based upon the Judgment, the lesser of 5% above the Federal Reserve Discount

3

Rate or 10%, per annum, would be the post-judgment interest; therefore, the post-judgment interest for Newburn would be 5.75%, per annum, between June 21, 2011 and June 24, 2015.

18.     A former seventeen-year member of the faculty at the University of Arkansas in the Department of Mathematics, Mr. Tony Mansell, has analyzed the calculation of interest. Based on his analysis, he opined that using a simple interest calculation, Newburn's accumulated interest for a judgment of $1,769.89 between June 21, 2011 and June 24, 2015 would be $399.85. A copy of Mr. Tony Mansell's Declaration is attached hereto as "**Exhibit 6**" and incorporated as if set forth word for word.

19.     By demanding that Newburn pay more post-judgment interest than what was owed Mid-South is engaging in unfair or unconscionable means in its attempt to collect post-judgment interest in violation of **15 U.S.C. §1692f.**

20.     Between June 24, 2015 through May 13, 2016, Mid-South garnished $1,043.94 from Newburn's wages. A copy of Newburn's bi-weekly paystub is attached hereto as "**Exhibit 7**" and incorporated as if set forth word for word.

21.     By overstating the amount of interest owed, Mid-South is making a false representation of the character, amount, or legal status of the debt in violation of **15 U.S.C. §1692e(2)(A).**

22.     Mid-South's conduct violates the FDCPA for which strict liability applies pursuant to 15 U.S.C. §1692, et seq.

23.     Mid-South's conduct violates the FDCPA for which statutory damages apply pursuant to 15 U.S.C. §1692k(a)(2)(A).

24.     Mid-South's conduct violates the FDCPA for which actual damages apply pursuant to 15 U.S.C. §1692k(a)(1).

4

## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

25.     The averments set forth in paragraphs 1-24 are adopted herein and incorporated as if set forth word for word.

26.     Mid-South is in violation of the following sections of the Fair Debt Collection Practices Act as alleged above:

     a.     15 U.S.C. §1692e(2)(A): Making a false representation of the character, amount, or legal status of any debt;

     b.     15 U.S.C. §1692f:  Using unfair or unconscionable means to collect or attempt to collect any debt.

## DAMAGES

27.     The averments set forth in paragraphs 1-26 are adopted herein and incorporated as if set forth word for word.

28.     As a direct and proximate result of the occurrence made the basis of this lawsuit, Diana is entitled to the following damages:

     a.  actual costs, expenses and attorney fees pursuant to 15 U.S.C §1692(k)(a)(3);

     b.  statutory damages in the maximum amount of: $1,000.00 pursuant to 15 U.S.C. §1692(k)(a)(2)(A).

     c.  actual damages pursuant to 15 U.S.C. §1692k(a)(1) for mental anguish, stress and humiliation.

## DEMAND FOR JURY TRIAL

29.     The averments set forth in paragraphs 1-28 are adopted herein and incorporated as if set forth word for word.

30.     Newburn demands a jury trial on all issues so triable.

5

## PRAYER

WHEREFORE, Newburn prays that:

1. She be granted statutory damages pursuant to the 15 U.S.C. §1692k(a)(2)(A);

2. She be granted actual damages pursuant to the 15 U.S.C. §1692k(a)(1);

3. She be granted costs and attorney fees pursuant to 15 U.S.C. §1692k(a)(3).

Respectfully submitted,

Cecille Doan,   ABN 2009246
**CENTER FOR ARKANSAS**
**LEGAL SERVICES**
1300 W. 6th St.
Little Rock, Arkansas 72201
Telephone: (501) 376-3423

IN THE DISTRICT COURT OF WRIGHTSVILLE , ARKANSAS
P O BOX 237    WRIGHTSVILLE, AR   72183

        PLAINTIFF(S)                              CASE NUMBER:CV11-151

MID-SOUTH ADJUSTMENT CO., INC.          ┌─────────────────────┐
31 WEST 6TH, SUITE A                    │  F I L E D          │
PINE BLUFF, ARKANSAS   71601            │   JUL 21 2011       │
(870)536-9600, TELEPHONE                │   WRIGHTSVILLE      │
                                        │   DISTRICT COURT    │
                                        └─────────────────────┘

DEFENDANT(S)                                      JUDGMENT TYPE

TIFFANY ATKINSON XXX-XX-8152            _____ JUDGMENT AFTER TRIAL
12 ROSS CIR
NORTH LITTLE ROCK, AR   72114-4870      _____ AGREED/CONSENT JUDGMENT

                                        ___√__ DEFAULT JUDGMENT

This matter has been presented to the Court, and a judgment was granted
to the Plaintiff.  It is adjudged that Mid-South Adjustment Company, Inc.
recover judgment from the Defendant(s) for the amount of:

        Amount of Judgment:              $ 1233.00
        Amount of Current Court Cost:    $  130.00
        Amount of Attorney Fees:         $  406.89

        TOTAL JUDGMENT AMOUNT:           $ 1769.89

*Plus interest in the amount of 5% above the Federal Reserve Discount
Rate or 10%, per annum, whichever is less, from the date hereof.

(Total payments received since filing of complaint: $ -0-)

NOTICE TO THE JUDGMENT DEBTOR: Pursuant to Ark. Code Ann. %16-66-211, the
Defendant must file with the Clerk of the Court within 45 days of this
order a schedule verified by affidavit of property both real and personal
including moneys, bank accounts, rights, credits, and choses in action
held by his or her or others for him or her and specify the particular
property claimed exempt.

                                        _____
                                                        JUDGE

                                        ___7/21/11_____
                                                         DATE

Submitted by:

C. Mac Norton - Bar No. 78122
Attorney for the Plaintiff


57 6058

IN THE DISTRICT COURT OF WRIGHTSVILLE ARKANSAS
P O BOX 237 ,WRIGHTSVILLE, ARKANSAS 72183

WRIT OF GARNISHMENT

CASE NUMBER: CV11-151



PLAINTIFF(S):              VS.      DEFENDANT(S):
MID-SOUTH ADJUSTMENT CO., INC.     TIFFANY ATKINSON
316 WEST 6TH, SUITE A              XXX-XX-8152
PINE BLUFF, AR 71601
870-536-9600

GARNISHEE:
UNIVESITY OF ARKANSAS FOR MEDICAL SCIENCE

EXPLANATION

ORIGINAL JUDGMENT AMOUNT:   $ 1769.89
BALANCE OF JUDGMENT:        $ 1764.89
DATE OF JUDGMENT:           07/21/11
INTEREST:                   $ 8.96
COST OF WRIT:               $   15.59
TOTAL:                      $ 1789.44

BY: *Sherry L. Casey*          DATE: 8/18/11
    SHERRY CASEY
    COURT CLERK

CERTIFICATE

I certify that a copy of a Writ of Garnishment and Notices to the
Defendant as required by Arkansas Code Annotated 16-110-402 will
be mailed to the Defendant at the following address yearly.

Defendant's Address:     12 ROSS CIR
                         NORTH LITTLE ROCK, AR, 72114-4870

    Date Mailed:_____

    Plaintiff or Agent:    C. MAC NORTON, ATTORNEY AT LAW

                     CERTIFICATE OF SERVICE

STATE OF ARKANSAS---------COUNTY OF PULASKI

On this _____ day of _____, 20_____ at _____am/pm.
I have duly served this Writ by delivering a true copy thereof to:

_____

Fees:                              BY:_____
                                   TITLE:_____

EXHIBIT
2

THIS COMMUNICATION IS FROM A DEBT COLLECTOR ATTEMPING TO COLLECT
A DEBT AND ANY INFORMATION OBTAINED WILL BE USED FOR THAT PURPOSE.
5736058

Tiffany G. Atkinson
12 Ross Circle
North Little Rock, Arkansas
July 22, 2015

```
FILED

SEP 1  2015

WRIGHTSVILLE
DISTRICT COURT
```

District Court of Wrightsville
P.O. Box 237
Wrightsville, Arkansas 72183

Dear District Court of Wrightsville:

I Tiffany Atkinson is requesting for this company Dowler Law Firm not to garnish my earnings. I just had a baby and having financially difficulties. I am currently working on my master degree and hopefully get a good job. As you know in the United States of America it is hard to get a job. These issues with financially difficulties cause me to be diagnose with postpartum depression.

Due to this financial hardship I am unable to make full payment this month.

We are enclosing a good faith payment of $5.00, and we plan to make similar monthly payments until our account is fully paid.

Please contact us if you have questions, or if you want to suggest other arrangements.

We appreciate your understanding and cooperation as we recover from this temporary financial setback.

Sincerely,


Tiffany Atkinson


**EXHIBIT**

3

# IN THE DISTRICT COURT OF WRIGHTSVILLE, ARKANSAS

MID SOUTH ADJUSTMENT COMPANY, INC.



VS.                        CV11-151

PLAINTIFF

TIFFANY ATKINSON                                    DEFENDANT
XXX-XX-8152

## **JUDGMENT**

Now on this day comes matter, and the Court finds and orders:

1. The Court has jurisdiction over the subject matter hereof and parties hereto.

2. The Plaintiff's Motion For Judgment On Pleadings should be, and hereby is, granted.

IT IS, THEREFORE, BY THE COURT, CONSIDERED, ORDERED, ADJUDGED, and

DECREED that the Plaintiff, Mid-South Adjustment Company, Inc., have judgment against the

Defendant in the sum of $1764.89 which includes court costs of $130.00 and attorney's fee of

$406.89, said amount to bear interest at five percent (5%) above the Federal Reserve Discount

Rate or ten percent (10%), per annum, whichever is less, from the date hereof.

Notice to Judgment Debtor: Pursuant to Ark. Code Ann %16-66-221, the Defendant must file

with the Clerk of the court within 45 days of this order a schedule, verified by affidavit, of

property both real and personal, including moneys, bank accounts, rights, credits, and chooses in

action held by himself or others for him and specify the particular claimed exempt.



DATED this _11th_ day of _October_, 20 _11_.

_____
Judge

Prepared By:

C. Mac Norton #78122
Attorney for Plaintiff

THIS COMMUNICATION IS FROM A DEBT COLLECTOR.  THIS IS AN ATTEMPT TO COLLECT
AND DEBT AND ANY INFORMATION OBTAINED WILL BE USED FOR THAT PURPOSE.
5736058

IN THE DISTRICT COURT OF WRIGHTSVILLE, ARKANSAS
P O BOX 237 , WRIGHTSVILLE, AR 72183

## WRIT OF GARNISHMENT

CASE NUMBER: CV11-151
PLAINTIFF(S)                    VS.        DEFENDANT(S)
MID-SOUTH ADJUSTMENT CO., INC.             TIFFANNY ATKINSON
316 WEST 6TH STREET, SUITE A               XXX-XX-8152
PINE BLUFF, AR  71601
870-536-9600
GARNISHEE:WEST EDUCATIONAL LEASING

FILED

JUN 2 4 2015

WRIGHTSVILLE
DISTRICT COURT

### EXPLANATION

ORIGINAL JUDGMENT AMOUNT:    $ 1769.89
BALANCE OF JUDGMENT          $ 1780.48
DATE OF JUDGMENT             07/21/11
POSTJUDGMENT INTEREST        $   640.07
COST OF WRIT                 $    16.74
TOTAL GARNISHMENT AMOUNT     $ 2437.29

DATE: _6-24-15_              BY: _____
                               COURT CLERK

### CERTIFICATE

I certify that, as required by Ark. Code Ann. 16-110-402, a copy of this
Writ of Garnishment and attached Notice to Defendant will be mailed to
Defendant at the follow address the same day as this Writ is served:
DEFENDANT(S) ADDRESS:        12 ROSS CTR
                             NORTH LITTLE ROCK, AR, 72114-4870

Date Mailed: _____

_____
Bradley G. Dowler (2006177)
The Dowler Law Firm
PO Box 803
Benton, AR 72018
(501) 303-4580 Phone
(501) 408-4649 Fax

THIS COMMUNICATION IS FROM A DEBT COLLECTOR. THIS IS AN ATTEMPT TO
COLLECT A DEBT AND ANY INFORMATION OBTAINED WILL BE USED FOR THAT
PURPOSE.

5736058

EXHIBIT

5

## NOTICE TO EMPLOYER GARNISHEE

FAILURE TO ANSWER THIS WRIT WITHIN 30 DAYS OR FAILURE OR REFUSAL TO ANSWER THE INTERROGATORIES ATTACHED HERETO SHALL RESULT IN THE COURT ENTERING A JUDGMENT AGAINST YOU AND YOU BECOMING PERSONALLY LIABLE FOR THE AMOUNT OF THE NON EXEMPT WAGES OWED THE DEBTOR EMPLOYEE ON THE DATE YOU WERE SERVED THIS WRIT AS PROVIDED BY ARKANSAS CODE ANNOTATED § 16 110 407.

## NOTICE TO EMPLOYER GARNISHEE

The service of this garnishment on you constitutes a lien on salaries, wages, or other compensation due the Defendant at the time you are served with this writ of garnishment and further constitutes a lien on subsequent earnings until the total of the judgment and costs is paid or satisfied, or until the employment relationship is terminated, or the judgment is vacated or modified.

The amount of wages available for withholding for this judgment and costs is subject to certain prior claims. Under Arkansas law, income withholding for child support has a priority over all other legal processes. Under federal law, the total amount to be withheld cannot exceed the maximum amount allowed under § 303(b).

## NOTICE TO NON EMPLOYER GARNISHEE

FAILURE TO ANSWER THIS WRIT WITHIN 30 DAYS OR FAILURE OR REFUSAL TO ANSWER THE INTERROGATORIES ATTACHED HERETO SHALL RESULT IN THE COURT ENTERING A JUDGMENT AGAINST YOU AND YOU BECOMING PERSONALLY LIABLE FOR THE FULL AMOUNT SPECIFIED IN THIS WRIT TOGETHER WITH COSTS OF THIS ACTION AS PROVIDED BY ARKANSAS CODE ANNOTATED § 16 110 407.

## NOTICE TO DEFENDANT OF YOUR RIGHT TO KEEP WAGES, MONEY, AND OTHER PROPERTY FROM BEING GARNISHED

The Writ of Garnishment or Writ of Execution delivered to you with this Notice means that wages, money, or other property belonging to you has been garnished in order to pay a court judgment against you. HOWEVER, YOU MAY BE ABLE TO KEEP YOUR MONEY OR PROPERTY FROM BEING TAKEN, SO READ THIS NOTICE CAREFULLY.

State and federal laws say that certain money and property may not be taken to pay certain types of court judgments. Such money or property is said to be 'exempt' from garnishment.

For example under the Arkansas Constitution and state law, you will be able to claim as exempt all or part of your wages or other personal property.

As another example, under federal law the following are also exempt from garnishment:

Social Security, SSI, Veteran's benefits, AFDC (welfare), unemployment compensation, and workers' compensation.

You have a right to ask for a court hearing to claim these or other exemptions. If you need legal assistance to help you try to save your wages or property from being garnished, you should see a lawyer. If you can't afford a private lawyer, contact your local bar association or ask the clerk's office about any legal services program in your area."

WRIT OF GARNISHMENT
AND PLAINTIFF'S ALLEGATIONS AND INTERROGATORIES TO GARNISHEE
Page 2 of 3

## PLAINTIFF'S ALLEGATIONS AND INTERROGATORIES TO GARNISHEE

Plaintiff alleges that:

1. The Garnishee was on and after the date of service of the Writ of Garnishment indebted to the Defendant(s) in an unknown sum.

2. Upon information and belief, Defendant is employed by and receives wages or other compensation from garnishee, and Plaintiff is entitled to garnish Defendant's wages from garnishee pursuant to Ark. Code Ann. 16 110 401 et seq.

And Plaintiff propounds to the garnishee the following interrogatories:

INTERROGATORY NO. 1: Is Defendant employed by garnishee or any related entity? If so, what amount or rate of wages or other compensation does Defendant receive from garnishee or any related entity?

INTERROGATORY NO. 2: Were you on or after service of this Writ of Garnishment upon you indebted in any way to Defendant? If so, how are you indebted to Defendant and in what amount?

INTERROGATORY NO. 3: Did you have in your possession on or after the service of this Writ of Garnishment upon you any goods, chattels, monies, credits, or effects belonging to Defendant? If so, please identify the nature and/or value of all goods, chattels, monies, credits, or effects.

INTERROGATORY NO. 4: If your response to Interrogatory No. 1 is not in the affirmative, where is Defendant employed?

THE DOWLER LAW FIRM, PLLC
P.O. Box 803
Benton, AR 72018
Telephone: (501) 303 4580

Brad G. Dowler (2006177)
Attorneys for Mid South Adjustment Co, Inc.

WRIT OF GARNISHMENT
AND PLAINTIFF'S ALLEGATIONS AND INTERROGATORIES TO GARNISHEE
Page 3 of 3

# West Educational Leasing, Inc.

ID    01-PCM-101537

Tiffany G Newburn

5615 greenwood blvd, apt 26H, Little Rock, AR 72204

(501) 247-2447

| Payment ID | Check Number | Pay Date | Start Period | End Period |
|---|---|---|---|---|
| 292277 | 0000117691 | 12/18/2015 | 11/22/2015 | 12/5/2015 |

| EARNINGS | | | | | TAXES | | |
|---|---|---|---|---|---|---|---|
| Description | Rate | Hours | Amount | Year-to-Date | Code | Withheld | Year-to-Date |
| Flat $ | $80.00 | 0.00 | $400.00 | $10,388.70 | FEDERAL | $5.00 | $388.62 |
| | | | | | FICA/SS | $24.80 | $644.10 |
| | | | | | FICA/MED | $5.80 | $150.64 |
| | | | | | STATE AR | $4.00 | $215.81 |
| Tot. Earnings | | 36.25 | $400.00 | $10,388.70 | Tot. Taxes | $39.60 | $1,379.17 |

| BENEFITS | | | DEDUCTIONS | | |
|---|---|---|---|---|---|
| Description | Amount | Year-to-Date | Description | Amount | Year-to-Date |
| | | | Garnishment** | $0.00 | $1,043.94 |
| Tot. Benefits | $0.00 | $0.00 | Tot. Deductions | $0.00 | $0.00 |

| Net Wages | $360.40 | $7,965.59 | DEPOSIT | | $360.40 |
|---|---|---|---|---|---|

| Offered Hours | | Net Deposit | $360.40 |
|---|---|---|---|

| Message to you |
|---|
| Message to all employees |

If you have any questions regarding your pay stub, please contact your Payroll Administrator.

* Tot. Earnings Year-to-date may include pay codes not used in this pay period



EXHIBIT

6

## IN THE UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF ARKANSAS
## WESTERN DIVISION

**TIFFANY NEWBURN**                                                      **PLAINTIFF**

**v.**                                        **Case No.**

**MID-SOUTH ADJUSTMENT CO., INC.**                            **DEFENDANT**

### DECLARATION OF ANTHONY G. MANSELL

I, Anthony G. Mansell, declare as follows:

1.      My name is Anthony Mansell. My background includes four post-secondary education degrees and over seventeen years as a member of the faculty of the Department of Mathematics at the University of Arkansas, as well as other experience and education immediately relevant to the matter at hand. A synopsis of my *curriculum vitae* is attached as Exhibit No. 1. I have been retained by counsel for Plaintiff to confirm or reject the amount of accrued interest on the file-marked June 24, 2015 Writ of Garnishment.

2.      In my professional opinion, based on my findings as shown in Exhibit No. 2, with a reasonable degree of  mathematical accuracy, for a Judgment of $1,769.89, running between June 21, 2011 and June 24, 2015:

> (1) applying simple annual interest at 5% above the Federal Reserve Discount Rate, the amount of interest accrued is $399.85;

> (2) applying continuously compounded annual interest at 5% above the Federal Reserve Discount Rate, the amount of interest accrued is $448.62.

3.      To arrive at the above conclusions, I performed an analysis using the well known simple interest formula: $I = Prt/100$, where $I$ represents the accrued interest, $P$ is the principal



amount of the judgment, r is the annual interest rate, and t is the time in years or fractions of years between June 21, 2011 and June 24, 2015. The details of the calculation are shown in Exhibit No. 2, Section A.

4.      I also performed a second analysis, to determine whether compounding would make a substantial effect on the result. For this, I used the the continuous compounding formula, which maximizes the amount of interest that could possibly accrue on a sum of money: $I = P[e^{\wedge}(rt/100) - 1]$, where $e$ is the classical mathematical constant approximately equal to 2.718, r is the annual interest rate, and t is the time in years or fractions of years between June 21, 2011 and June 24, 2015. The details of the calculation are shown in Exhibit No. 2, Section B.

5.      In my professional opinion, based on my findings as shown in Exhibit No. 2, the Writ of Garnishment, file-marked June 24, 2015, relies on an incorrect calculation for accrued interest. The value stated therein, of \$640.07, could not be the correct amount of post-judgment interest, whether based on the application of simple interest or with maximum compounding of interest, based on a Judgment for \$1,769.89, running between June 21, 2011 and June 24, 2015, and applying an interest rate of 5% above the Federal Reserve Discount Rate.

Under 28 U.S.C. § 1746, I declare under penalty of perjury, pursuant to the laws of the United States of America, that the foregoing is true and correct.

Executed on Friday, June 10, 2016, in Little Rock, Arkansas.

_____
Anthony G. Mansell

# ANTHONY G. (TONY) MANSELL

---

**ADDRESS**     Office: 10515 West Markham St., #K3, Little Rock, AR 72205
Phone: (501) 240-6542

---

**PROFILE**

- Licensed attorney in private practice
- Professional Engineer (currently inactive)
- Admitted to Arkansas Bar (ID: 85097)
- Past President of the College Assembly, College of Science and Mathematics, University of Arkansas at Little Rock
- Past President of the Board, Volunteers in Public Schools, Little Rock School District, Arkansas

---

**EXPERIENCE**

**Attorney (2010 – Present)**

- Solo practitioner attorney, Anthony G. Mansell, Attorney at Law.
- Concentrating on estate planning and probate, which necessitates financial expertise to help clients protect their assets via trusts and wills, and to help survivors protect the assets of the decedent.

**University Faculty (1989 – 2006)**

- Mathematics professor at the University of Arkansas at Little Rock.
- Taught multiple courses from Elementary Algebra to Calculus IV.
- Taught multiple applied courses, such as Business Calculus (which applies the principles of calculus to financial optimization problems) and Finite Mathematics (which addresses finance problems, e.g., amortization, effects of interest, present and future vales of money).

**Management (1983 – 1986)**

- Supervisor of Nuclear Fuel with Arkansas Power & Light Company
- Duties included having charge over nuclear fuel supply requirements and acquisition.

**Engineer (1975 – 1983)**

- Engineer with Arkansas Power & Light Company (now Entergy)
- Coordinated the supply of nuclear fuel for the Arkansas Nuclear One power plant.
- Duties included planning, contracting, negotiating, and projecting the fuel cost and requirements for the power plant.

---



EXHIBIT

**EDUCATION**

-     MASTER OF SCIENCE, MATHEMATICS     1989
University of Arkansas, Little Rock

-     JURIS DOCTORATE     1982
University of Arkansas, Little Rock

-     ACCOUNTING, FINANCE AND ECONOMICS     1976-1977
(College Level Coursework)
University of Arkansas, Little Rock

-     MASTER OF SCIENCE, NUCLEAR ENGINEERING     1975
Mississippi State University

-     BACHELOR OF SCIENCE, NUCLEAR ENGINEERING     1974
Mississippi State University

## EXHIBIT 2

Given:      P = $1769.89        The amount of the judgment.

r = 5.75        Interest rate, 5 percent above the federal discount rate during the applicable time period.

t = 3.929       The time in years from July 21, 2011 until June 24, 2015

## Part A – Applying Simple Interest:

$$I = P\, r\, t\, /100$$

$$I = 1769.89 \times 5.75 \times 3.929 \, / \, 100$$

$$I = \$399.85$$

## Part B – Applying Continuously Compounded Interest:

$$I = P[\, e \,^\wedge (r\, t\, /100) - 1]$$

$$I = 1769.89 \times [e \,^\wedge (5.75 \times 3.929 \, / \, 100) - 1]$$

$$I = \$448.62$$